## WILLIAM F. McLAUGHLIN

### v.

## WILLIAM MacLACHLAN ET AL.

1. BANKRUPTCY—PENDING SUIT.—If a defendant served with process, who during the action, is adjudged a bankrupt, would avail himself of his bankruptcy as a defense to the suit, he must make application for a stay of proceedings as provided by the Bankrupt Act.

2. WHEN JUDGMENT WILL MERGE ORIGINAL CAUSE OF ACTION.—If he neglects so to do and a judgment is rendered against him, he can not afterward, when he has obtained his discharge, base upon it the right to enjoin such judgment, but the judgment will merge the original cause of action, and become a new debt not provable against the bankrupt's estate, and wholly unaffected by the discharge.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.   Opinion filed April 24, 1883.

Mr. WM. W. GURLEY, for appellant; that the judgment was an entirely new cause of action not provable against the estate in bankruptcy of appellees, and not affected by the discharge subsequently obtained by them, cited Bradford v. Rice, 102 Mass. 472; In re Garrison, 5 Bankruptcy Reg. 353; Palmer v. Merrill, 57 Me. 26; In re Williams, 2 Bankruptcy Reg. 229; In re Mansfield, 6 Bankruptcy Reg. 388; In re Maybin, 15 Bankruptcy Reg. 468; McCarthy v. Goodwin, 8 Mo. App. 380; Gardner v. Hengehold, 9 Am. Law Record, 414; Steadman v. Lee, 61 Ga. 58; Bracken v. Johnson, 4 Cent. L. J. 9.

Where an action is commenced against a bankrupt, upon a provable debt, pending his bankruptcy, and the bankrupt obtains his discharge before judgment but fails to plead same, the discharge is no bar to judgment: Stone v. Brookville Nat. Bank, 39 Ind. 284; Holland v. Martin, 123 Mass. 278; Brandon Mfg. Co. v. Frazer, 47 Vt. 88; Revere Copper Co. v. Dimock, 15 N. Y. Weekly Dig. 349.

Messrs. McCoy, POPE & McCoy, for appellees; that the dis-

charge in bankruptcy discharges the judgment rendered against the bankrupt, prior to his discharge, on a debt provable against his estate in bankruptcy, cited Fisher v. Keenan, 1 Chicago L. J. 73; In re Crawford, 3 Nat. Bankruptcy Reg. 698; Drake v. Campbell, 3 East, 258.

BAILEY, P. J. On the 6th day of May, 1878, William F. McLaughlin brought his suit in assumpsit in the Superior Court of Cook county, against William and David MacLachlan and Matthew T. Campbell, upon an account for goods sold and delivered. Personal service was had on David MacLachlan, May 6th, and on the other two defendants May 7, 1878, and on June 6, 1878, the defendants failing to appear judgment was rendered against them by default for $829.52 and costs. On the same day an execution was issued on said judgment, to the sheriff of Cook county, which was afterward returned wholly unsatisfied. On the 6th day of November, 1882, an alias execution was issued on said judgment to said sheriff, who proceeded to levy the same upon the goods and chattels of the defendants, and thereupon, the defendants, on the 17th day of November, 1882, entered their appearance in said cause, and moved the court to stay, and set aside all proceedings under, and recall said last mentioned execution, and to enter an order perpetually staying and prohibiting the issuance of any further execution on said judgment.

From the affidavits and exhibits presented to the court on the hearing of said motion it appeared, that on the 7th day of May, 1878, the defendants filed their petition in bankruptcy in the District Court of the United States for the Northern District of Illinois, and that in the schedules of indebtedness filed by them with their petition, there was included the indebtedness to the plaintiff, upon which said judgment was rendered; that the defendants were thereupon duly adjudicated bankrupts; that the usual warrant was issued to the marshal of said district, and that he afterward sent to the plaintiff, and the other creditors of the defendants, the usual notice of the pendency of said proceedings in bankruptcy; that on the 6th day of October, 1879, said defendants and

each of them, were duly discharged by said District Court of the United States, from all debts and claims which, by the Revised Statutes of the United States in relation to bankruptcy, were provable against their estates, and which existed on the 7th day of May, 1878.

On the foregoing facts, the superior court granted said motion, and entered an order recalling, quashing and annulling said alias execution, and setting aside all proceedings thereunder, and perpetually staying and prohibiting all further proceedings on said judgment. The plaintiff duly excepted to said decision, and now assigns the same for error.

It will be observed that the proceedings in bankruptcy were instituted after the commencement of the suit in which the judgment in question was recovered, and while that suit was pending; and that the defendants, on being adjudicated bankrupts, failed to appear and ask to have the proceedings in said suit stayed, to await the determination of the court of bankruptcy, on the question of their discharge, as they might have done under the provisions of section 5,106 of the Revised Statutes of the United States, but allowed judgment in said suit to go against them by default. No attempt is made to excuse their failure to apply for a stay of proceedings, or to show that they were prevented from applying by either accident, mistake or fraud. The question is, whether, under these circumstances, their discharge, subsequently obtained, is to be held to operate as a release of said judgment.

We are referred by counsel to numerous cases in which this question has been discussed by various courts, and in some of which, courts of the highest respectability have announced directly opposite conclusions. We are happily relieved, however, from the necessity of reviewing the authorities cited by a very recent decision of the Supreme Court of this State, in a case in which the facts in all material respects are "on all fours" with those presented by the present record. In Boynton v. Ball, 105 Ill. 627, decided by the Supreme Court on the 28th day of March last, Ball brought a suit in debt against Boynton on a money decree recovered several years previously in a suit in chancery, and Boynton appeared and filed the

general issue. Subsequently and while said suit in debt was pending, Boynton was adjudicated a bankrupt, but took no steps to have the proceedings in said suit stayed to await the determination of the court of bankruptcy, on the question of his discharge. While the bankruptcy proceedings were pending, the suit was tried and a judgment rendered in favor of Ball for the amount of the decree and costs. Boynton, having afterward obtained his discharge, filed his motion for a perpetual stay of proceedings on the judgment, which motion was denied by the circuit court, and on appeal to the appellate court, the decision of the circuit court was affirmed. The Supreme Court, in affirming the decision of the appellate court, hold, after full consideration of all the authorities, that it is the duty of a defendant duly served with process, who, pending the action is adjudicated a bankrupt, if he would avail himself of his bankruptcy, as a defense to the suit, to make application for a stay of proceedings, as provided in the Bankrupt Act; and that if he neglects so to do, and a judgment is rendered against him, he can not afterward, when he has obtained his discharge, base upon it the right to enjoin such judgment, but the judgment will merge the original cause of action, and become a new debt not provable against the bankrupt's estate, and wholly unaffected by the discharge.

In the opinion the court say: " What right has Boynton to complain that judgment was rendered against him? He was served with process, and appeared and pleaded to the action. He knew the action was pending when he was adjudged a bankrupt, and he knew that he could obtain a stay of proceedings by entering a motion for that purpose, until he could obtain a discharge, and plead it in bar of the action, and yet he made no effort whatever to procure a stay, but on the other hand voluntarily submitted to a trial. It was his own negligence which led to the judgment which he now seeks by motion to avoid. A motion for relief as against a judgment of this character, may be treated as an equitable proceeding, and it is a well-established rule, that a party who fails to make a defense at law, shall not be permitted to come into equity and have such

defense allowed unless he can show that he was prevented by accident, mistake or fraud, which is not pretended in this case. * * * * The circuit court could do nothing less than proceed with the case to final judgment, and as the judgment is to be regarded as the joint act of Boynton, who, of his own choice, allowed it to be rendered, and of the plaintiff upon whose motion it was rendered, the rights of these two parties must be regarded as finally settled by the judgment. We are not aware of any case that holds, that where a defense might have been made to a pending cause of action, but was not set up solely through the negligence of a defendant, that such defendant may afterward interpose the same defense to the judgment which has been rendered against him."

The foregoing decision is necessarily conclusive of this case. The judgment will be reversed and the cause remanded.

Judgment reversed.