56 327
160s 373

# Chicago, Santa Fe & California Railway Company v. Mary L. Ashling, Administratrix, etc.

1. CONSOLIDATION OF RAILROADS—*Confined to Companies Organized Under the Laws of This State.*—While the act of 1885 permits a railroad corporation organized under the laws of this State to become the purchaser of certain railroads and corporate powers of the same, organized under the laws of this and other States, it expressly withholds such power from corporations organized under the laws of other States.

2. SAME—*No Provisions Directing the Manner Under the Act of 1883.* —There are no provisions in the act of 1883, directing the manner of the consolidation of railroad corporations organized and doing business under and by virtue of the laws of this State.

3. SAME—*What is in Effect a Consolidation.*—When one railroad company acquires the entire franchise of another company, and issues, by way of purchase of such franchise and property, its stock, dollar for dollar, to the stockholders of the absorbed corporation, changing their rights as stockholders from the selling to the purchasing company in common with the stockholders of that company the two companies are consolidated as effectually as they could have been in any other method.

4. SAME—*Notice of Stockholders' Meeting.*—The object of the statute in requiring sixty days notice of the stockholders' meeting to be convened, for the purpose of approving such consolidation, is for the benefit of the stockholders, and not for the public. If they see fit to appear at the meeting and participate therein, such action would be a waiver of the right to the statutory notice.

5. SAME—*Liability for Debts, etc.*—Where a claim and cause of action exists against a railroad company prior to its consolidation with another company and suit is instituted, the debt must be held to have existed and cause of action accrued prior to the consolidation.

6. SAME—*Suits Pending.*—Under section 56, chapter 32, R. S., the consolidation of one corporation with another does not affect suits pending, in which such corporations are parties, as to the causes of action nor the rights of the parties. The corporation intervening and absorbing the defendant corporation, should be treated as a mere volunteer and acquiring rights *pendente lite.*

7. SAME—*Plaintiff Not Bound to Change His Suit.*—A plaintiff in a suit pending against a railroad corporation is not bound to amend his declaration, because the defendant has, pending the same, consolidated with another corporation, and make such other corporation a party; the claim becomes merged in the judgment recovered and the same may be recovered of the consolidated company in an action of debt.

**Memorandum.**—Action of debt. In the Circuit Court of La Salle County; the Hon. CHARLES BLANCHARD, Judge, presiding. Declaration

on a judgment; pleas *nil debit, nul tiel record* and special plea deny-
ing consolidation; jury waived and trial by the court; finding and
judgment for the plaintiff; error by the defendant. Heard in this court
at the May term, 1894, and affirmed. Opinion filed December 13, 1894.

BRIEF OF PLAINTIFF IN ERROR, EDGAR A. BANCROFT AND
REEVES & BOYS, ATTORNEYS.

When in the action against the St. Louis Company judg-
ment was obtained, the cause of action against that com-
pany was "merged in the judgment, lost its vitality and
expended its force and effect." Black on Judgments, Sec.
674; Ries v. Rowan, 11 Fed. Rep. 657; Schuler v. Israel, 27
Fed. Rep. 851; Freeman on Judgments, Sec. 216; Runne-
maker v. Coudray, 54 Ill. 303.

The liability of the Santa Fe Company could not be
affected either in its form or character by any litigation to
which it was not a party. It was entitled to litigate the
claim against it which, if it existed, became complete and
perfect at the time of the consolidation, and no transfor-
mation of it into a judgment could be had until it was regu-
larly brought into court. Prouty v. L. S. & M. S. R. Co.,
52 N. Y. 363; L. R. & D. R. Co. v. Hardin, 40 Ga. 707;
Texas & P. R. Co. v. Murphy, 46 Tex. 356.

To the same effect are Temple v. Scott, 3 Minn. 419;
Rogers v. Odell, 39 N. H. 452; McGilvray v. Avery, 30 Vt.
538; Barnes v. Gibbs, 31 N. J. Law, 317; Marshall v. Aiken,
25 Vt. 328; H. & T. C. R. R. v. Shirley, 54 Tex. 125; Smith
v. Chicago, etc., R. R., 18 Wis. 1; 1 Rorer on Railways, 91.

BRIEF OF DEFENDANT IN ERROR, CHARLES WHEATON, SAMUEL
RICHOLSON AND WILLIAM L. SEELEY, ATTORNEYS.

Where a consolidated company became, by virtue of the
consolidation, liable for the debts of the companies com-
posing it, the creditor's remedy is complete and adequate
at law, and a court of equity will not assume jurisdiction to
enforce it. Arbuckle v. The Ill. Midland Railroad Co. et
al., 81 Ill. 429; St. Louis, etc., R. R. Co. v. Miller, 43 Ill. 190.

The consolidation of two companies does not necessarily

work a dissolution of both.   Whether such be its effect, depends upon the legislative intent manifested in the statute under which the consolidation takes place.   Day v. Worcester, etc., R. R. Co. (Mass.), 23 N. E. Rep. 824; C., M. & St. P. Ry. Co. v. Chicago Bank, 134 U. S. 276; Central Railroad and Banking Co. v. Georgia, 92 U. S. 625.

The burden of proof is upon those who deny the regularity of a meeting for want of notice to prove it.   Sargent v. Webster, 13 Met. (Mass.) 504.

When a quorum is present at the meeting, the law presumes, in the absence of proof to the contrary, that the proper notice was given.   Rorer, R. R., 191; Mut. Fire Ins. Co. v. Shortwell, 8 Allen (Mass.) 217; Com. v. Noelper, 8 Serg. & R. Penn. 29.

MR. PRESIDING JUSTICE LACEY DELIVERED THE OPINION OF THE COURT.

This was a suit in an action of debt by defendant in error against plaintiff in error, to recover the amount of a judgment rendered in the Circuit Court of La Salle County in favor of the defendant in error against the Chicago & St. Louis Railway Co. for $5,000 and interest, of date May 7, A. D. 1891, on a certain cause of action accruing prior to June 6, 1886, for wrongfully killing Edward W. Ashling, deceased, and for recovery of which suit was brought on said latter date. This suit was brought based on said recovery to the January term of the Circuit Court, A. D. 1893, and judgment recovered for $5,183.85, and costs of suit.   To reverse this judgment this writ of error issued out from this court.   The declaration consists of two counts.   The first alleges the recovery of the judgment above stated and that the same was brought in an action on the case; that the Chicago & St. Louis Railroad Company was duly consolidated with the said Chicago, Santa Fe & California Railway Co., a corporation then existing under the laws of this State, and the defendant in that suit under the statutes of the State of Illinois, and thereby became part and parcel of the said Chicago, Santa Fe & California Railway Company, the defend-

ant, and incorporated herewith, etc., and that the two com-
panies became one company under the name of the Chicago,
Santa Fe & California Railway Company.

The declaration then avers liability under the statute for
liabilities of either company existing or accruing prior to
such consolidation, etc.

The declaration further avers that the liability against the
Chicago & St. Louis Railway Company accrued February
23, 1886, and action was commenced against said company
prior to said consolidation, to wit, June 6, 1886. The
second count set up the same facts and claims and avers
common law liability.

The proof showed the recovery of the defendant in error
against the Chicago & St. Louis Railway Company, as
alleged, and other material allegations were supported by
proof. The defendant in error introduced a deed of con-
veyance from the record books from the recorder's office in
La Salle county, an instrument purporting to be a deed of con-
veyance of the railroad and franchise in pursuance of a sale
from the Chicago & St. Louis Railway Company to the
plaintiff in error, consideration being one dollar and the
issuance of stock from plaintiff in error to the holders of
stock in the C. & St. L. R. W. Co. to an equal amount held
by them in the latter company, and also agreeing to pay all
the bonded indebtedness of the said last named company, due
or to become due. The defendant in error introduced the
record of the directors' meeting of each of the companies of
December 15, 1886, by which the proposed sale and purchase
was authorized by each, and also a meeting of all the stock-
holders of each company at same time, by which in each case
the action of the directors, respectively, was ratified by each
company's respective stockholders, by unanimous vote of
each set of stockholders; also a copy of plaintiff in error's
by-laws authorizing a meeting of the stockholders of its
company, when all were present.

The deceased was killed while running a train on the C.
& St. L. R. W. Company's said road, February 23, 1886, by
an explosion of the boiler caused by the negligence of the

company, as found and established by the verdict in the former suit against that company.

The right of recovery in this case is based on Sec. 65, Chap. 32, Revised Statutes, passed March 9, 1887, and in force May 9th of the same year, entitled "An act in relation to the consolidation of incorporated companies," and which act is incorporated in Chap. 32, entitled "An act concerning incorporations," in force July 1, 1872. The act reads as follows: "In all cases when any company or corporation chartered or organized under the laws of this State, shall consolidate its property, stock or franchises with any other company or companies, such consolidated company shall be liable for all debts or liabilities of each company included in said consolidated company, existing or accrued prior to such consolidation; and actions may be brought and maintained and recovery had therefor against such consolidated company."

At the time the above act was passed there was no statute directing the mode and manner of effecting a consolidation of two railroad companies, nor has there since been one passed, though there were several sections regulating some of the details. Sec. 22, Chap. 114 R. S., 1078, prohibited the consolidation of parallel lines and required sixty days notice to be given to stockholders in manner provided in Sec. 15, of the same act. Section 2 (41), Chap. 114, R. S., 1081, in force July 1, 1883, provided that "such consolidation shall take effect upon the filing and recording of such articles of consolidation in the office of the secretary of state of the State of Illinois, and a certified copy thereof in the office of the recorder of the various counties in which the said road is situated. A certified copy of such articles of consolidation under seal of the secretary of state, shall be deemed and taken to be *prima facie* evidence of the existence of such consolidated corporation."

The last provision of the statute has no application to the consolidation of two railroads like the one in question, but applies to roads existing partly in this and partly in other States, and consolidated, and then sold in pursuance to a decree of court, as provided for in Sec. 1 of the same

act of July 1, 1883, and to which only the section in question relates. The Chicago & St. Louis Railway Company, and the Chicago, Sante Fe & California Railway Company, was each a corporation organized and doing business under and by virtue of the laws of the State of Illinois, and could not be consolidated under the provisions of the act in force July 1, 1883. So far as we see from the statute, there was no provision therein directing the manner of consolidation of railroad corporations, situated as the above last named corporations, unless it was derived from the act in force July 1, 1885, entitled "An act to increase the power of railroad corporations," which provided for the consolidation of railroad corporations organized or to be organized under the laws of this State and other States by purchase by corporations of this State, and authorizing them to hold such railroad in fee simple or otherwise, and to use and enjoy the railway property. Corporate rights and franchises of the company or companies owning such other road or roads may be affected upon such terms and conditions as may be agreed upon between the directors and approved by the stockholders owning not less than two-thirds in amount of the capital stock of the respective corporations becoming parties to such purchase and sale, unless Sec. 53, Chap. 32, Hurd's Revised Statutes, p. 370, can apply. We do not think, however, that it applies to railroad corporations, those being governed when consolidated by purchase, by the above statute of 1885.

While the act of 1885 permits a railroad corporation organized under the laws of this State to become the purchaser of certain railroads and corporate powers of the same, organized under the laws of this and other States, it expressly withholds such power from corporations organized under the laws of other States. The act further provides for sixty days notice to be given to the stockholders, of the annual or special meeting of the stockholders of each corporation, at which the question of purchase is to be acted on, by publication in a newspaper published in the county where the principal business office of the corpora-

tion is situated, and thirty days notice through the mail, and no railroad corporation is permitted to purchase any parallel or competing line of railroad with any line or road operated by such corporation, and no recording of papers is required to make the sale or consolidation perfect.

It is claimed by plaintiff in error, and probably correctly, that the defendant in error purchased the property and franchise of the Chicago & St. Louis Railway Company under the provisions of the above statute. But it is insisted that such purchase is not a consolidation of the two corporations in question within the meaning of the statute above quoted, making the consolidated company liable for the debts or liabilities of each company included in said consolidated company existing or accruing prior to such consolidation. We are of the opinion that this point is not well taken. While the statute denominates the transaction a purchase, the thing authorized to be done, and what was done in this case, was in fact a consolidation within the meaning of the term used in the above quoted statute. What was done in this case by the purchase? First, the plaintiff in error acquired the entire franchise held by the Chicago & St. Louis Railway Company held by its charter. Second, it issued by way of purchase of such franchise and property, its stock, dollar for dollar to the stockholders of the absorbed corporation. Their rights as stockholders were simply changed from the selling to the purchasing company, and the stockholers in the latter company became common stockholders with them in that company. In other words the stock and franchises and property of the two companies became common and are in the plaintiff in error; they were consolidated as effectually as they could have been in any other method. It is true that the plaintiff in error assumed the obligation of the bonded indebtedness of the Chicago & St. Louis Railway Company, but this was nothing more than doing by agreement what the statute imposed on the consolidated company without it.

It is insisted, however, that the purchase or consolidation was void, because no notice of the stockholders' meeting was

shown as required by the statute; that the object of the statute in requiring sixty days notice was not only for the benefit of the stockholders but also for the "information and benefit of the people of the State who might desire to invoke the power of the State through the courts to prevent such proposed consolidation."

We can not hold to this view. While we are aware that the consolidation of parallel and competing lines of railroad is prohibited by the constitution and statutes, we do not think that the requiring of the notice had any purpose in view other than the protection of stockholders. The constitution, Sec. 2, Art. 2, 1870, requires the notice to be given to the stockholders, and the act of the legislature answering to this provision of the constitution requires the notice to be given to the stockholders, and not the public. The public loses no rights by the consolidation or attempted consolidation. There is no machinery provided by the statute whereby proposed illegal consolidations may be prevented by injunction or otherwise, conceding that notice should be given to the public of a proposed consolidation of railroad corporations.

The by-laws of plaintiff in error provided that a meeting of stockholders of the company could be held at any time or place, whenever all the stockholders were present and every stockholder voted for the purchase or consolidation, the same as was done by the by-laws of the stockholders of the Chicago & St. Louis Railway Company. The object of the notice was accomplished, to wit, the presence of the stockholders. If they saw proper to appear at the meeting and participate therein they thereby waived the right to the statutory notice the same as a litigant in court may waive the statutory notice of the pendency of a suit against him.

The plaintiff in error insists that the judgment sought to be recovered on in this case having been rendered subsequently to the consolidation, was not a liability of the Chicago & St. Louis Railway Company existing or accrued prior to such consolidation within the meaning of the statute above quoted creating such liability. However, under other

circumstances and conditions, such might be a proper holding, we must hold under the peculiar provisions of our statute, the fact that the claim and cause of action existed prior to the consolidation or sale, and suit had also been instituted on it by appellee against the Chicago & St. Louis Railway Company prior to the consolidation and sale with and to the plaintiff in error, that the debt must be held to have existed and the cause of action accrued prior to the consolidation.

Sec. 56, Chap. 32, Hurd's R. S., p. 371, provides, among other things, that "consolidation of one corporation with another shall not affect suits pending in which such corporations shall be parties, nor shall such changes affect causes of action, nor rights of persons in any particular; nor shall suits brought against such corporation by its former name be abated for that cause." We think the object of this statute was to hold the rights of a litigant plaintiff in actions against corporations becoming defunct after the institution of suits and absorption by other corporation or corporations, the same as though judgment had been obtained prior to the consolidation.

The corporation intervening and absorbing the defendant in litigation should be treated as a mere volunteer and acquiring rights *pendente lite*, and thus the statute intended to treat it. Such consolidation provides the statute is not to "affect suits pending" or "causes of action" nor the rights "of persons in any particular," nor shall the suits "be abated for that cause."

The defendant in error's cause of action had accrued and suit had been instituted; the plaintiff in error came in as a mere volunteer and absorbed the defendant and its property pending litigation.

The defendant in error had a right of action at the time against the C. & St. L. Ry. Co. and against plaintiff in error, the moment the consolidation took place; such rights were not, by the statute, to be affected in "any particular" by the consolidation. The defendant in error could legally proceed against the absorbed company to establish her rights.

We think by so doing the cause of action does not lose its identity, and the judgment should be treated as having been recovered before the consolidation or purchase.

If the judgment had been rendered prior to the consolidation, there could be no question as to defendant in error's rights, so far as this point is concerned. As the plaintiff in error consolidated the defendant company, and as the statute intended to hold all litigation *in statu quo*, so far as pending litigation was concerned, we do not think defendant in error was bound to amend her declaration and make plaintiff in error a party on peril of losing her rights. The point made is a technical one at best and devoid of equitable considerations. The case of Boynton v. Ball, 105 Ill. 627, we do not consider in point. A judgment recovered after adjudication in bankruptcy creates a new debt and the old one can not be proven against the bankrupt estate.

The debt becomes merged in the judgment. This should be so on equitable grounds; the debtor sues in court instead of having his claim allowed; if no defense is made by showing the bankruptcy, the plaintiff acquires a personal judgment against the bankrupt, against which the bankrupt's certificate of discharge would not operate.

For this reason it would appear equitable to treat his claim as merged in the judgment. There might be many other cases where it would be equitable to do so, but in many it would be highly inequitable.

We think, on the facts of the case, which are all substantially undisputed, that the defendant in error had a right of recovery, and the holdings or refusals of holdings of law by the court are immaterial. The judgment of the court is affirmed.