CORNELIUS IVES, assignee, &c., v. WILLIAM GODDARD.

In an action by the assignee of B. & F. against G., the latter interposed, as a set-off or counter-claim, a claim held by him against the assignors B. & F. Upon the trial it appeared that he had recovered judgment therefor prior to this action.

*Held*, that the justice erred in admitting evidence of the original claim on which such judgment had been recovered. The claim was merged in the judgment, and could not be used as evidence of indebtedness.

In the action by G. against B. & F.. brought after their assignment to the present plaintiff, evidence of their claim against G. was offered as a set-off, and excluded upon the ground that it had been assigned.

*Held*, that it was properly excluded; and the fact that it had not been set off in such action was no bar to another action on such claim by the assignee.

APPEAL by plaintiff from a judgment of the Marine Court. The action was brought by the plaintiff, as assignee of the firm of Bates & Franc. The defence was a set-off. Judgment was rendered for the defendant, which was affirmed by the general term of the Marine Court, from which the plaintiff appealed. The facts are fully stated in the opinion of the court.

*William R. Stafford*, for the appellant.

*Niles and Bagley*, for the respondent.

INGRAHAM, FIRST JUDGE.—This action was for goods sold and delivered. The defendant pleaded, among other things, a

Ives v. Goddard.

counter-claim of $225 due from the assignors of plaintiff to them, at the time of the assignment, November, 1855.

Upon the trial, it appeared that the defendant had recovered against the assignors of the plaintiff a judgment for the same counter-claim on the 13th of December, 1855, which action was brought after the assignment to the plaintiff.

The defendants then offered evidence of the original claim for which such judgment had been recovered, which was objected to by the plaintiff, and the objection overruled by the court. Evidence was then received of such counter-claim.

After a recovery of a judgment for that counter-claim against the plaintiff's assignors, the claim became merged in the judgment, and could not any longer be used as evidence of indebtedness. The judgment, then, was the only indebtedness of Bates & Franc to Goddard, and the original claim could not form the basis of a counter-claim. The justice ruled otherwise, and I think he erred in so ruling.

Upon that trial the defendant (then plaintiff) objected to the set-off, offered by Bates & Franc, of this claim now in suit, upon the ground that the same had been assigned to Ives, and could not be used as a counter claim. The same was excluded, and properly, as a defence on the original trial. The defendant now objects to the plaintiff's recovery, upon the ground that the claim sued on should have been set off in the other action.

Where a claim has been thus properly excluded, because it is not legally a set-off in the action, to the plaintiff's claim, such trial forms no bar to another action. *Beebe* v. *Bull*, 12 Wend. 504.

It would be a monstrous proposition, to hold that a plaintiff may exclude a counter-claim upon the ground that the same had been assigned to a third person, and then, when such third person brings his action to recover it, to say that it should have been allowed as a set-off in the first action, although properly assigned before that action was brought.

Judgment reversed.