OMAR S. RICHARDSON

*v.*

EDWARD H. AIKEN.

84  221
45a  652

1. MERGER *of cause of action in judgment.* After judgment upon a promissory note, the note is no longer a subsisting cause of action, but is merged in the judgment, but this is not so if the judgment is void.

2. EVIDENCE—*void judgment—when admissible.* Where the plaintiff declares upon a promissory note and upon a judgment, and it is proved, by parol, that the note is satisfied by a judgment thereon, a transcript of the judgment is admissible in evidence, although the judgment is void for want of a sufficient service, as showing the note is still a valid and subsisting obligation.

APPEAL from the Circuit Court of Will county.

Messrs. PAGE & PLUM, for the appellant.

Mr. C. B. GARNSEY, for the appellee.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

This was an action, by Richardson against Aiken, alleging indebtedness to Richardson by a corporation (The Illinois Steam Forge Company), and that Aiken was a stockholder to the amount of $5000, and other facts required by the statute rendering stockholders liable for the debts of the corporation to the extent of the stock held by them respectively. The defendant pleaded *nil debit.*

The issue was tried by the court without the intervention of a jury, and found for defendant, and judgment was entered for costs against the plaintiff, who appeals to this court.

The declaration contained three counts differing from each other only in the manner and matter of the alleged indebtedness of the corporation. It is not questioned by appellee that the proofs fully made out a cause of action, in every respect save the proof of indebtedness by the corporation. One count alleged an indebtedness upon items of account, as in the common counts in ordinary actions of assumpsit. Another count charged indebtedness founded upon a promissory note. A third count charged indebtedness of the corporation upon a judgment rendered for plaintiff against the corporation.

On the trial, the items of an account due plaintiff by the corporation were proven, and that the promissory note mentioned in the declaration was given therefor, and the note was read in evidence.

On cross-examination, the witness said a judgment had been

rendered upon the note, and the note, itself, had a memorandum in writing to that effect indorsed thereon. Plaintiff then offered in evidence a transcript of a record showing a suit upon that note, and judgment thereon. To this defendant objected, upon the ground of a supposed defect in the service of the summons in the case, and the court held that the sheriff's return was defective, and gave the court no jurisdiction of the defendant corporation, and on that ground excluded the offered evidence of the judgment.

It is argued by appellee that this decision was correct, and that no recovery could be had based upon the account, because the same was merged in the note, and no recovery could be had upon the note, for the reason that the proof showed that a judgment was rendered thereon, and no recovery could be had upon the judgment offered in evidence, for want of proper service of process.

These positions can not, all of them, be sound; and if any one of them be unsound the plaintiff was entitled to judgment.

It is contended that the parol proof shows a satisfaction of the note by showing that a *judgment* had been rendered thereon. Considered alone, that may be so; but when a transcript of a judgment, purporting to be upon this very note, is produced, and it appears upon its face (as is insisted by appellee) that this judgment is void, the inference is irresistible that this void judgment is the one referred to by the parol proof, and if the judgment be void, the note is not merged therein, but is a subsisting cause of action. The transcript was proper evidence, whether void or valid. If valid, it was proper to support the count upon the judgment. If void, it was competent, under the count upon the note, for the purpose of rebutting the inference that the note was merged in a judgment, and thus showing that the note was still a subsisting cause of action.

The court erred in excluding the transcript of the judgment. For this error the judgment of the circuit court must be reversed, and the cause remanded for another trial.

*Judgment reversed.*