JAMES A. DARSEY, plaintiff in error, *vs.* SYLVESTER MUMPFORD, defendant in error.

1. Where an execution, based on a judgment obtained in December, 1860, was levied on two lots of land, and the defendant filed an affidavit of illegality upon the ground that the land levied on was set apart to him as a homestead exemption under the law of force in 1864, and that he was entitled to seventy acres of such land, together with the dwelling-house and improvements, not exceeding $200.00 in value, as a homestead for himself and minor children:

   *Held*, that such ground of illegality was properly overruled, it not being alleged that the seventy acres of land levied on, including the dwelling-house, had ever been designated and laid off as his homestead exemption.

2. An agreement entered upon an execution between the parties thereto, that if certain payments are made at stated times, the judgment and *fi. fa.* are to be entered satisfied, will prevent the dormancy of the judgment, and constitute a new point from which the statute of limitations will commence to run.

3. Discharge in bankruptcy does not relieve the property of the bankrupt from the lien of a judgment not proved in the bankrupt court.

Illegality. Homestead. Judgment. Statute of Limitations. Bankrupt. Before Judge HANSELL. Lowndes Superior Court. May Term, 1876.

Reported in the decision.

C. S. MORGAN, by brief, for plaintiff in error.

No appearance for defendant.

WARNER, Chief Justice.

This case came before the court below on an affidavit of illegality to an execution issued against the defendant, which was, by agreement of the parties, submitted to the consideration and judgment of the court, without the intervention of a jury. The court overruled the grounds of illegality taken by the defendant in his affidavit, whereupon the defendant excepted.

The grounds of illegality alleged by the defendant in his affidavit were, that on the second day of December, 1873, he entered into an agreement in writing with the plaintiff's attorney, which was entered on the execution and signed by the parties as follows: " It is agreed between the parties that upon the payment of one hundred dollars on or before the first day of January next, and one hundred dollars on or before the first day of January, 1875, this *fi. fa.*, and the judgment upon which it is issued, shall be considered as settled, paid off, and discharged." That afterwards, on the 16th of December, 1873, the defendant was adjudicated a bankrupt, and that on the 10th of November, 1874, he obtained his final discharge in bankruptcy from all his debts and liabilities ; that the land levied on was set apart to him as a homestead exemption under the provisions of the law of force in this state in 1864, and that he is entitled to seventy acres of the lands levied on, together with the dwelling-house and improvements, not exceeding two hundred dollars in value, as a homestead for himself and family of minor

children, and that the judgment on which said execution issued was dormant. The judgment on which the execution issued was obtained 30th December, 1860, and was therefore a lien on the defendant's property, and although he promised to discharge that lien by the payment of the two hundred dollars, as specified in his agreement, still he did not do so by the payment of the money, and it was not discharged by his going into bankruptcy, the plaintiff not having proved his judgment debt in the bankrupt court. The execution was levied on two lots of land as the property of the defendant, on the 6th of April, 1876, and it is not alleged that the seventy acres of land levied on, including the dwelling-house, to which he claims to be entitled as a homestead exemption, has ever been laid off and designated as his homestead exemption. The statute of limitations having been suspended until the 21st of July, 1868, it did not commence running against the plaintiff's judgment before that date, and seven years had not elapsed from that time to the date of the agreement entered on the execution and signed by the parties, as before mentioned. As between the parties themselves, that agreement entered on the execution and signed by them, was such a recognition of the validity of the execution as would prevent it from being considered as dormant by the court. If the parties, plaintiff and defendant, recognized the execution as a valid subsisting execution on the 2d of December, 1873, surely the court ought to have done so. We find no error in overruling the defendant's affidavit of illegality.

Let the judgment of the court below be affirmed.