## ROBERT EATON
### v.
## PATRICK HENAGAN.

LIMITATION—JUSTICE'S JUDGMENTS.—Suit can not be maintained upon a judgment obtained before a justice of the peace more than ten years previously; as to whether more than five years, *quœre*.

APPEAL from the Circuit Court of Cook county; the Hon. LORIN C. COLLINS, Judge, presiding. Opinion filed November 19, 1885.

Mr. LYMAN M. PAINE, for appellant; cited Shirtliff v. People, 2 Scam. 7; Bemis v. Stanley, 93 Ill. 230.

Messrs. DENT, BLACK & CRATTY BROS., for appellee.

BAILEY, P. J. This was a suit commenced by Patrick Henagan against Robert Eaton and another, on the 24th day of September, 1883, before a justice of the peace, and afterward taken by appeal to the circuit court, where a trial was had before the court without a jury, resulting in a judgment in favor of the plaintiff. The only evidence offered at the trial was a transcript of a judgment recovered by the plaintiff against the defendants before a justice of the peace on the 28th day of August, 1873, and the only question we need consider is, whether the plaintiff's right to recover upon said judgment was barred by the Statute of Limitations.

It is very clear that judgments recovered before justices of the peace do not come within the provisions of Sec. 25, Chap. 83, of the Revised Statutes. That section simply provides that the time within which actions may be brought upon

"judgments of any court of record in this State" shall be limited to twenty years. Without attempting to formulate a definition by which courts of record may be distinguished from courts not of record, it is sufficient to say that justices of the peace have been uniformly regarded and treated in this State as inferior courts not of record. As early as the case of Shirtliff v. The People, 2 Scam. 7, it was held that a statute conferring certain jurisdiction upon justices' courts did not make them courts of record, and the uniform course of legislation, as well as of judicial decision, has been to the same effect. Thus, one code of practice and pleading is provided for courts of record, and a wholly different one for justices of the peace. The same distinction is observed in the statutes in relation to attachment, to garnishment, to costs, to the lien of judgments, to forcible entry and detainer, to distress for rent, in the criminal code, and in various other statutes which need not be enumerated. It can not be doubted that the legislature used the phrase "court of record" in the statute in relation to limitations, in the same sense in which it is uniformly employed elsewhere in the statutes, and in that sense courts of justices of the peace are manifestly excluded.

Justices' judgments, then, must come within the provisions of either section 15 or section 16 of the limitation law. There is no other section of the statute that can have any application. Section 16 provides that suits upon written contracts, "or other evidences of indebtedness in writing," shall not be brought after the expiration of ten years next after the cause of action accrued, and section 15 provides that all civil actions not otherwise provided for, shall be commenced within five years next after the cause of action accrued. If a justice's judgment is to be regarded as an "evidence of indebtedness in writing," the period of limitation is ten years; if not, it is only five years. But in the present case the suit was not brought until more than ten years after the rendition of the judgment sued on. It thus becomes immaterial for us to determine which of these sections applies, as the longer period of limitation had expired before the commencement of the suit, and the action would be barred under either. The

court below should have so held, and rendered judgment for the defendant.

The judgment will accordingly be reversed and the cause remanded.

Judgment reversed.