## OLE H. AARVIG, FOR USE OF NELS OLSON,

### v.

## N. H. KELLOGG ET AL.

*Statute of Limitations—Justices' Judgments not within Sec. 15. but within Sec. 16—" Other Evidences of Indebtedness "—Construction of.*

1.  A Justice's judgment is not within Sec. 15. Chap. 83, Starr & C. Ill. Stat., which limits the time within which to bring certain actions to five years.

2.  Such a judgment is included within the words : "Other evidences of indebtedness in writing," found in Sec. 16, which limits the time within which to bring the actions therein included to ten years.

[Opinion filed December 11, 1886.]

APPEAL from the Circuit Court of Livingston County; the Hon. ALFRED SAMPLE, Judge, presiding.

Messrs. H. H. McDOWELL and A. C. NORTON, for appellant.

Messrs. McILDUFF & TORANCE, for appellee.

LACEY, J.  Olson recovered a judgment before the Justice of the Peace against Ole H. Aarvig, the appellant, for the sum of $75.75, upon which execution was issued January 24, 1879, and was returned " no property found" by the Constable.  A transcript from the judgment was filed in the clerk's office of the Circuit Court, January 24, 1879, and execution on transcript on the 24th of July, A. D. 1884, and returned October 24, 1884, " no property found."

Garnishee proceedings were commenced on the judgment from before the Justice of the Peace against appellee by Olson in the name of appellant, to recover the amount of the judgment and costs, May 7, 1885, being six years and five months from the date of the rendition of the judgment. The cause came to the Circuit Court by appeal from the judgment

before the Justice.   In the Circuit Court appellees and appellant Aarvig, moved to quash the writ and dismiss the suit, which motion was sustained by the Circuit Court, and the suit dismissed on the ground that the judgment before the Justice was barred under Sec. 15 of the Statute of Limitations.

This action by the court was induced by the holding of the Supreme Court in Bemis v. Stanley, 93 Ill. 230, in which it was held that a foreign judgment was barred by Sec. 15 of the Limitation Act in five years' time.   Sec. 15, Limitation Laws of 1872, provides as follows :   " Actions on unwritten contracts, express or implied, or on awards of arbitration, or to recover damages for an injury done to property, real or personal, or to recover the possession of personal property or damage for the detention or conversion thereof, and all civil actions not otherwise provided for shall be commenced within five years next after the cause of action accrued."   In the above case of Bemis v. Stanley, the judgment sued on was obtained in the State of Ohio, March 10, 1859, and the suit was commenced in this State August 10, 1877, the judgment being over eighteen years old and barred as well under Sec. 16 of the Limitation Law of 1872, which provides that, " actions on bonds, promissory notes, bills of exchange, written leases, written contracts or other evidences of indebtedness in writing shall be commenced within ten years next after the cause of action accrued."   So we see as to the matter before the Supreme Court the decision was correct under either of the statutes.   Another fact we observe, and that is the attention of the court was not called to Sec. 16 at all.   However, the Supreme Court may have intended to hold on that point as to foreign judgment, we think, as applied to judgments before Justices of the Peace in this State, Sec. 15 does not apply, but that such judgments must be classed under the head of " other evidence of indebtedness in writing " contained in said Sec. 16. It is contended by appellee that the words, " other evidences of indebtedness in writing " should be held to mean the same character of evidence of indebtedness in writing as those defined by the particular words in the same section, preceding such general words, citing Broom's Legal Maxims (7th Ed.)

651, and cases cited. In other words, that Sec. 16 can refer only to " evidences of indebtedness in writing" which are voluntarily executed by the parties, and that those are the evidence of indebtedness defined by the particular words. The authority cited undoubtedly announces an excellent rule of law but we think an improper and mistaken application is attempted to be made of it. It is evident that the Legislature intended to use the term, " other evidence of indebtedness in writing," as a general expression covering every species of evidence of indebtedness in writing without reference to the manner in which it was created. ·If the Legislature had intended to restrict this class of indebtedness in writing to those writings which had been voluntarily entered into by the party, some such restrictive words would have been used to limit the general sweeping terms, " other evidence of indebtedness in writing," which, of themselves, are capable of including every species of indebtedness, the evidence of which exists in writing, and we have no doubt was intended to include all. Again, the term " other evidence of indebtedness in writing " is used to cover cases not included in the term " written contracts," which just precedes it in the enactment. As a rule it has always been the policy of our Legislature to fix longer terms of limitations to contracts in writing than to those in parol, for the reason they are of a more solemn character and abuse is less liable to be worked against the debtor in case of a considerable time elapsing after their falling due and before suit ; and more especially judgments have been given longer lease of life than almost any other evidence of indebtedness in writing. Even now by our statute judgment of courts of record in this · State have their limitation fixed at twenty years. In all the sections of the act in question where the character of the cause of action is mentioned specifically, and a less time than ten years is fixed, one contract or written evidence of indebtedness alone is fixed at five years, and that is " awards of arbitration." In all actions of less limitation the evidence of debt is not in writing. From this view and construing all the sections of the act together, and keeping in mind the general policy of the law, it is evident the Legislature did not intend by Sec. 15 to fix the limitation of Justices' judgments to the

short period of five years.  If the construction contended for by appellee should prevail, there would arise great lack of harmony and incongruity in the provisions of our statute in reference to Justices' judgments.  Sec. 1, Chap. 77, R. S., provides, "that a judgment of a court of record shall be a lien for seven years;" and Sec. 95, Chap. 79, provides, "that when a transcript from a judgment from a Justice of the Peace is filed in the Circuit Court it shall thenceforward have all the effect of a judgment of the Circuit Court." In Seymour v. Haynes, 104 Ill. 557, it was held that the original judgment was not altered or suspended by reason of transcript having been taken and filed in the Circuit Court; that this is only an additional method of collection.  By this rule it would follow, that in case the judgment before the Justice were satisfied of record, or barred by the Statute of Limitations, the transcript judgment, if it may be so termed, would also be satisfied or defunct, for the satisfaction or extinction of the one would necessarily work the satisfaction or the extinction of the other.  And the Justice's judgment is the principle, and the transcript the incident or means only by which the former may be satisfied.  This being so, if the Justice's judgment is held to be barred under Sec. 15 after five years from its date, it would be impossible for the transcript judgment to remain a lien for seven years the same as judgments in courts of record, as is provided by statute in case of such judgments.  But if Justices' judgments are barred only under Sec. 16 of the Limitation Act after ten years, then in case the transcript be taken within three years after the rendition of the judgment, the transcript judgment could, under the foregoing provisions of the statute, run the entire seven years and the statute have a uniform and harmonious operation, which we have no doubt the Legislature intended.  We therefore hold that the limitations for the commencement of actions on Justices' judgments is ten and not five years, and that Sec. 16 of the Limitation Act governs them.  The court below therefore erred in sustaining the motion to dismiss the suit.  The judgment of the Circuit Court is therefore reversed and the cause remanded.

*Judgment reversed and cause remanded.*