LIDA K. STELLE ET AL., ADMINISTRATORS, USE, ETC.,

v.

GEORGE T. LOVEJOY, IMPL'D, ETC.

*Statute of Limitations—Justice's Judgment not within Sec. 16—Appeal Bond.*

1. A Justice's judgment is not evidence of indebtedness in writing within Sec. 16 of the Statute of Limitations, and the time within which an action may be brought thereon is five years.
2. An appeal bond is a mere security for the payment of the judgment, and is governed by the same period of limitation.

[Opinion filed July 27, 1887.]

APPEAL from the Superior Court of Cook County; the Hon. ROLLIN S. WILLIAMSON, Judge, presiding.

Messrs. R. P. BLANCHARD and THOMAS DENT, for appellants.

The Statute of Limitations makes no bar as to an action on appeal bond short of ten years, while both pleas count upon

five years as a bar. The statute provides that actions on bonds, etc., may be brought within ten years. Sec. 16, Chap. 83, R. S.

"It is a familiar principle that a statute of limitations shall not be applied to cases not clearly within its provisions." Hazell v. Shelby, 11 Ill. 9.

The question then is: Does any section of the statute distinctly meet the cause of action on this appeal bond? We should concede that if the pleas could have brought the case under section 16 of the statute, the defense could have been made. But that section says:

"Actions on bonds * * * shall be commenced within ten years;" and the pleas could not and did not pretend that that period had elapsed. That section provided for actions on bonds, and consequently such actions are not provided for by section 15, which in terms is applicable "to unwritten contracts * * * and civil actions not otherwise provided for." Yet, the court allowed the pleas to set up said section 15; and in this erred.

The assumption of the defendants was, that an action on the judgment of the Justice of the Peace would have been barred in five years. Whether this would be so or not seems to be immaterial, for this is not an action on the judgment, but is distinctly an action on the appeal bond. When the bond was given, the plaintiffs' intestate was not under obligation to bring any suit on the judgment, but could rely on the bond; and when the statute provided specially for actions on bonds, it was permissible to be guided by it, and to bring suit within ten years.

While the limitation bar as to actions on Justices' judgments seems to be immaterial, we notice an expression of this court: "If a Justice's judgment is to be regarded as an evidence of indebtedness in writing, the period of limitation is ten years; if not, it is only five years." Eaton v. Henagan, 17 Ill. App. 156.

Such a judgment is an evidence of indebtedness in writing. Walter v. Kirk, 14 Ill. 55; Pease v. Howard, 14 Johns. 479.

Yet, if action on the judgment were barred, action on the bond would not be barred, for it is an independent prom-

ise under seal, based on a valuable consideration, as well as a security. Smith v. Whitaker, 11 Ill. 417; Belknap v. Gleason, 11 Conn. 160; 3 Parsons on Con. 355.

Harris v. Mills, 28 Ill. 44, shows in the reasoning of the court, that the Justice's judgment and the appeal bond might be considered distinctly and separately.

But, if action on the judgment were barred, action on the appeal bond would not necessarily be barred, even though the bond were a security only, for, in that view, it is an additional and higher security, and an action upon it would lie, because statutes of limitation act upon the remedy merely, not upon the debt. Waltmire v. Westover, 14 N. Y. 16; Angell on Lim., Secs. 7 and 73; 2 Parsons on Notes and Bills, 631.

Messrs. C. C. & C. L. BONNEY and LYMAN M. PAINE, for appellee.

Action upon a Justice's judgment is barred in five years. Rev. Stat. 1874, Chap. 83, Sec. 15; Eaton v. Henagan, 17 Ill. App. 156; Bemis v. Stanley, 93 Ill. 230; Zepp v. Hager, 70 Ill. 223.

A bar that would defeat a recovery on the debt, may be interposed to defeat a recovery on the security for such debt. Harris v. Mills, 28 Ill. 44; Pollock v. Maison, 41 Ill. 516; March v. Mayers, 85 Ill. 177; Emory v. Keighan, 88 Ill. 482; Locke v. Caldwell, 91 Ill. 417.

Since an appeal bond is to be regarded as a mere security for the payment of the judgment, whatever discharges the judgment also discharges the liability of the obligors on the bond. Cook v. King, 7 Ill. App. 549; Andrews v. Scotton, 2 Bland's Ch. 629; First Nat. Bk. v. Rogers, 13 Minn. 417; Cass v. Adams, 3 Ohio, 223; Ellis v. Fisher, 10 La. An. 479; Ohio v. Blake, 2 Ohio St. 147; State v. Conway, 18 Ohio, 234; Walton v. U. S., 9 Wheat. 651.

MORAN, J. This action was brought on an appeal bond given on the appeal from a Justice's judgment, to the Circuit Court. The appeal was dismissed with costs on November 21, 1876. The Justice's judgment was rendered on June 10, 1875,

and this suit on the appeal bond was commenced June 7, 1884. Appellee pleaded in bar of all except the costs taxed on the dismissal in the Circuit Court, the Statute of Limitation of five years. Whether the plea of the statute was a good plea to the suit on the bond, so far as the declaration counted on the Justice's judgment, is the only question presented. Judgments recovered before Justices of the Peace do not come within the provision of Sec. 25 of the Statute of Limitations. That section of the statute has reference to judgments of courts of record in this State. Eaton v. Henagan, 17 Ill. App. 156. In our opinion a Justice's judgment is not an evidence of indebtedness in writing, within the meaning of Sec. 16 of the statute, and it must therefore follow that the limitation which applies to an action on such a judgment is to be found in Sec. 15, which provides that all civil actions not otherwise provided for shall be commenced within five years next after the cause of action accrued. A justice's judgment not being a judgment of a court of record of this State, would necessarily fall under the same provision of the statute that would govern actions brought here on judgments of courts of record not in this State.

In Bemis v. Stanley, 93 Ill. 230, the Supreme Court held that actions on such judgments were governed by said Sec. 15. It is said, however, that though an action on the judgment may be barred an action on the appeal bond would not be affected by this bar. It has heretofore been held by this court that a bond given on appeal is to be regarded as a mere security for the payment of the judgment and that whatever would discharge the judgment would also discharge the liability on the bond. Cook v. King, 7 Ill. App. 549.

We see no reason for reconsidering or departing from the view heretofore announced, and applying it in this case. It is manifest that a plea of the Statute of Limitations would be held good to a suit on the judgment, and must also be held good to a suit on the appeal bond given to secure the payment of such judgment. The court properly sustained the pleas filed in this case and the judgment must therefore be affirmed.

*Judgment affirmed.*