THE AMERICAN INSURANCE COMPANY, FOR USE, ETC.,

v.

SAMUEL ARBUCKLE.

*Limitations—Statute, Sec. 15—Justice of Peace—Judgment of.*

An action on a judgment of a justice of the peace falls within the provis-
ions of Sec. 15 of the statute of limitations and is barred in five years.

[Opinion filed February 14, 1890.]

APPEAL from the Circuit Court of Edgar County; the Hon.
C. B. SMITH, Judge, presiding.

This was a suit commenced by appellants before George M.
Jeter, a justice of the peace of Edgar county, on January 7,
1889, to recover a judgment upon a former judgment ren-
dered January 22, 1879, by M. H. Ewers, a former justice of
the peace of Edgar county, against Samuel Arbuckle and in
favor of the American Insurance Company. Judgment was
rendered by Jeter, January 21, 1889, against appellants, and
an appeal was taken to the September term of the Edgar Cir-
cuit Court. The cause was then tried before a jury, and after
hearing all the evidence, the court instructed the jury to ren-
der a verdict for the defendant, upon the ground that appel-
lants had not commenced this action before Justice Geo. M.
Jeter within five years from date of former judgment obtained
before Justice M. H. Ewers, and in accordance with such
instructions the jury so rendered a verdict.

Motion for new trial having been entered, overruled and judgment entered in accordance with the verdict, this appeal was taken.

Messrs. F. W. DUNDAS and J. C. FICKLIN, for appellant.

Mr. H. VAN SELLAR, for appellee.

WALL, J. The question presented by this record is whether an action on a judgment of a justice of the peace is barred by the statute of limitations in five years.

It is provided by Sec. 15, Chap. 83, R. S., that "actions on unwritten contracts expressed or implied, or on awards of arbitration, and all civil actions not otherwise provided for, shall be commenced within five years next after the cause of action accrued." Sec. 16 provides, "actions on bonds, promissory notes, bills of exchange, written leases, written contracts or other evidences of indebtedness in writing shall be commenced within ten years next after the cause of action accrued." By Sec. 26 the period of limitation in actions on judgments of courts of record in this State is twenty years.

A judgment of a justice of the peace not being a judgment of a court of record, does it fall within Sec. 15, which includes "all civil actions not otherwise provided for," or within Sec. 16 under the clause, "other evidences of indebtedness in writing"?

Under the English statute of 21 James I, and similar statutes in this country limiting actions of debt founded upon "any contract, without specialty," it has generally, if not always, been held that the statute of limitations does not bar an action upon a judgment, and so where the liability of defendant arises, not by the act of the parties but by virtue of some requirement of a statute, there is no such bar. The distinction is drawn between actions upon contracts in fact and contracts in law.

It has been held in New York, New Hampshire and Pennsylvania that the judgment of a justice of the peace was not within such a statute, which barred only actions founded upon

any contract, without specialty, thus distinguishing such judgment from a mere contract. Angell on Limitations, Ch. 10; Wait's Ac. & Def., Vol. 7, 253. In Bemis v. Stanley, 93 Ill. 230, it was held that a judgment of a court of record of another State was within the clause of Sec. 15 above quoted.

The court did not refer to Sec. 16. It was then said " our view is that Sec. 15 is broad enough to embrace the judgment sued on in this case; that the suit on a judgment is a civil action not otherwise specially provided for and hence barred in five years by the terms and conditions of our statute." In Aarvig v. Kellogg, 21 Ill. App. 530, it was held by the Appellate Court of the Second District that such a judgment as here involved is to be classed under the head of " other evidences of indebtedness in writing" and therefore controlled by Sec. 16, it being considered that Bemis v. Stanley was not conclusive because involving merely the judgment of a court in another State and because the decision there might have been sustained on the ground that more than ten years had elapsed, and further the attention of the court had not been called to Sec. 16. The same court so held in O'Donnell v. C. & A. R. R. Co., 22 Ill. App. 233.

In Stelle v. Lovejoy, 23 Ill. App. 575, it was held by the Appellate Court of the First District that the action was barred in five years, citing Bemis v. Stanley. We are inclined to the same view.

The sixteenth section enumerates bonds, notes, bills, written leases, written contracts, and then adds " other evidences of indebtedness in writing."

" It is said to be a good rule of construction that where an act of Parliament begins with words which describe things or persons of an inferior degree and concludes with general words, the general words shall not be extended to any thing or person of a higher degree; that is to say, where a particular class is spoken of and general words follow, the class first mentioned is to be taken as the most comprehensive and the general words treated as referring to matters *ejusdem generis,* with such class, the effect of general words, when they follow particular words, being thus restricted." Broom's Legal Maxims, 651; Sedgwick on Stat. and Const. Law, 360–1.

Here the statute having specially enumerated several particular kinds of voluntary obligations, including the more general expression "written contracts," uses the language under consideration, obviously intending to include every other form of voluntary written acknowledgment, admission or undertaking, which might give evidence of indebtedness.

A judgment does evidence indebtedness, but it does more; for it is an adjudication even though rendered by a court of inferior jurisdiction, if acting within its proper limits as to person and subject-matter. It may rest upon contract or upon tort, or upon a provision of statute or of a municipal ordinance. It does not necessarily depend upon any voluntary act of the defendant. Indeed, it may be and often is based upon considerations wholly independent thereof. Moreover it is conclusive, and its merits, while it remains in force, can not be collaterally examined or inquired into.

It would be a misuse of terms to describe it as a mere evidence of indebtedness. It is not to be supposed that the legislature, familiar with the legal effect and qualities of a judgment, would refer to it in terms which more aptly describe something less conclusive and less potential, and which inaptly and imperfectly characterize it by a designation of its minor quality only.

The judgment of the Circuit Court will be affirmed.

*Judgment affirmed.*