Swan v. Burk.

---

## JAMES G. SWAN
### v.
## JAMES H. BURK.

*Foreign Judgments—Limitation.*

1. An action on a foreign judgment recovered before a justice of the peace must be commenced within five years after its rendition. ·
2. There seems to be some doubt as to the advisability of this holding.

[Opinion filed June 5, 1890.]

APPEAL from the County Court of Iroquois County; the Hon. ALEX. L. WHITEHALL, Judge, presiding.

Messrs. A. S. DWYER and HARRIS & HOOPER, for appellant.

Messrs. HARRY BROS. and FREE P. MORRIS, for appellee.

*Per Curiam.* This was a suit originally commenced before a justice of the peace, based on a justice's judgment recovered by appellant against appellee in the State of Indiana, rendered more than five years prior to the commencement of this suit.

The court below held the action barred by Sec. 15 of " An Act in regard to Limitations," laws 1871–2, 556, which provides among other things that " all civil actions not otherwise pro-

vided for shall be commenced within five years next after the cause of action accrued.

This holding is justified by counsel for appellee under Bemis v. Stanley, 93 Ill. 230, which appears to hold that such statute barred a foreign judgment recovered in a court of record. The judgment in question is a foreign judgment and appears fairly to come within the scope of the opinion in the case cited, which we do not feel at liberty to disregard, though we are led to somewhat doubt whether the Bemis-Stanley case, from what is said in Stelle v. Lovejoy, 125 Ill. 352, will be adhered to. We also refer to Amber v. Whipple, Appellate Court, 1st District, rendered June 2, 1890.

In Aarrig v. Kellogg, 21 Ill. App. 530, this court held that a domestic judgment recovered before a justice of the peace in this State, could not, as we thought, for the reasons given in that case, which were carefully set forth, be barred by Sec. 15 of the above act, but came under Sec. 16, which barred claims where "the evidence of the debt existed in writing," only after ten years.

We thought to so hold would make our system of laws inharmonious. We understand, however, that the Appellate Courts in this State are not in harmony on the subject, and that much doubt exists; and while we will affirm the judgment of the court below, we would feel called upon to certify the case to the Supreme Court, so that the question may be fully settled, if such request is made of us.

The judgment of the court below is, therefore, affirmed.

*Judgment affirmed.*