Ludwig v. Huck.

WILLIAM LUDWIG ET AL.

v.

AUGUST C. HUCK.

*Judgments and Decrees—Of Justice—Limitations—Parol Promise of Defendant to Pay.*

A judgment which has become barred by the statute of limitations can not be revived by a parol promise of the defendant to pay the same.

[Opinion filed December 7, 1892.]

APPEAL from the County Court of St. Clair County; the Hon. BENJAMIN BONEAU, Judge, presiding.

Mr. WILLIAM WINKELMANN, for appellants.

Mr. CHARLES P. KNISPEL, for appellee.

MR. JUSTICE GREEN: This suit was commenced before a justice of the peace, on February 24, 1892, to recover the amount of two judgments against William Ludwig and Bar-

bara Ludwig, in favor of appellee, rendered in a justice's court, one on January 22, 1880, the other on January 30, 1880. The suit was tried on appeal in the County Court and judgment for appellee was there entered for the amount of the two judgments, interest thereon and costs of suit. The statute of limitations was relied upon by defendants below to bar the recovery. This defense appellee sought to defeat by proof of a parol promise to pay made by William Ludwig, according to appellee's testimony, some weeks before Christmas, 1891.

It is insisted by appellee that the suit on these judgments " is a civil action not otherwise specially provided for," mentioned in section 15 of the limitation act, and barred in five years, and the parol promise to pay the judgments, like a new promise to pay any other debt, is a new cause of action upon which a recovery can be had; that section 16 of the same act barring suits not commenced in ten years on causes of action therein enumerated, unless the new promise is in writing, has no application.

It is immaterial whether the bar of five years or the bar of ten years is held to apply; in either event this suit would be barred, because it was not commenced until more than twelve years after the rendition of the judgments which were the causes of action sued upon. Having been barred, the question arises, did the parol promise relied on create a new cause of action upon which appellee was entitled to maintain a suit and recover a judgment ? . The original indebtedness of appellants to appellee was merged in the two judgments sued on in this case; the original causes of action were discharged by these judgments and no contract or debt remained which could be made the subject-matter of a new promise to pay. Richardson v. Aiken, 84 Ill. 221; Wayman v. Cochrane, 35 Ill. 152; Boynton v. Ball, 105 Ill. 627; Mount v. Scholes, 120 Ill. 394.

These judgments evidence indebtedness, but they do more; they are final adjudications whereby a debt is created by law, and not by a contract or promise voluntarily entered into or undertaken. It is said in the opinion in Rae v.

Ludwig v. Huck.

Hulbert, 17 Ill. 572: " A judgment is no more a contract than a tort; see also Stelle v. Lovejoy, 23 Ill. App. 575; American Ins. Co. v. Arbuckle, 32 Ill. App. 369; Ambler v. Whipple, 139 Ill. 311.   We hold, therefore, the promise to pay these judgments did not arrest the running of the statute or withdraw them from the operation of its provisions, and to hold otherwise would be in effect approving a rule whereby dormant judgments could be revived by the parol promise of the judgment debtor to pay them, a doctrine we are not willing to hold.   The defense set up under the statute of limitations was fully sustained by the evidence, and the finding and judgment for appellee was error.   The judgment is reversed.

*Judgment reversed.*