## J. A. Brammell et al., Appellees, v. O. S. Wolf et al., Appellants.

1. LIMITATIONS—*new promise.* Where a debt has been merged in a judgment, a new promise will not prevent the running of the statute of limitations.

2. APPEALS AND ERRORS—*when a reversed cause will not be remanded.* Where on appeal a judgment is reversed because the cause of action is barred by the statute of limitations, it will not be remanded.

Appeal from the County Court of Madison county; the Hon. J. E. HILLSKOTTER, Judge, presiding. Heard in this court at the March term, 1912. Reversed. Opinion filed June 5, 1912.

J. B. HARRIS, for appellants.

EDWARD L. MAHER, for appellees.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

This is an appeal from a judgment for $22.30 rendered by the County Court of Madison county, in favor of appellees and against appellants, in a suit commenced before a justice of the peace, and from thence taken to that court.

This suit was commenced May 9, 1910, on a judgment rendered against appellants and in favor of appellee J. A. Brammell for $52.60, by a justice of the peace of Madison county, on January 13, 1900.

Appellants relied for defense upon the claimed payment of the judgment and the statute of limitations. They also insisted below that the suit should be dismissed, because of a misjoinder of parties plaintiff. It is only necessary for us, however, to consider the question whether the statute of limitations can be successfully invoked by appellants here, as a decision of that question, favorable to appellants, will fully dispose of the suit.

Section 16, art. 11 of the Act of 1895, in relation to Justices and Constables, which yet remains in force, provides, "An action may be brought upon a judgment of a justice of the peace at any time within ten years next after the rendition thereof and not afterwards." More than ten years having elapsed after the original judgment was rendered, and before this suit was commenced, appellants were entitled to rely upon the bar provided for by the statute. Appellees, however, relied upon a new promise to pay the debt which they sought to establish, by proof tending to show that in the years 1900, 1901 and 1902, one of appellants had performed certain services for appellees, for which the latter claimed they gave credit upon the judgment.

In the case of Ludwig v. Huck, 45 Ill. App. 651, which was decided before the statute of limitations above quoted was enacted, the question was under consideration as to whether certain provisions of the statute of limitations then existing and now contained in sections 15 and 16 of chapter 83 of the Revised Statutes, were applicable to judgments of justices of the peace, and if so whether a new promise would prevent the running of the statute. It was there said by the court: "The original indebtedness of appellants to appellee was merged in the two judgments sued on in this case; the original causes of action were discharged by these judgments and no contract or debt remained which could be made the subject-matter of a new promise to pay." This language would apply with special force to a suit arising since the enactment of the statute contained in the act in reference to justices and constables above quoted, which expressly provides that such an action may be brought within ten years after the rendition of the judgment "and not afterwards." The judgment of the justice of the peace against appellants, entered in 1900, was barred by the statute of limitations and appellees were not entitled to judgment thereon.

The judgment of the court below will accordingly be reversed, and as appellees cause of action is barred by the statute of limitations, so that no recovery can be had thereon, the cause will not be remanded.

*Judgment reversed.*