GEORGE H. JENNINGS, Plaintiff, *v.* ALBERT O. LOUCKS and Another, Defendants.

Supreme Court, Trial and Special Term, Madison County, June 12, 1937.

*M. B. Hall*, for the defendants, for motion.

*Woolsey & Woolsey*, for the plaintiff, opposed.

PERSONIUS, J.   We are not favored with a copy of the notice of motion, *if any*, of either party.   The oral argument, papers submitted and briefs indicate that the defendants ask for summary judgment on the ground that the alleged cause of action did not accrue within the time limited for its commencement, and that the plaintiff asks for judgment on the pleadings on the ground that all the allegations of the complaint are admitted and that the action is timely brought.

The complaint alleges that on March 8, 1930, a judgment was entered in Justice's Court for the sum of $219.38; that said judgment was based on a note and account; that no part of the judg-

ment, note or account has been paid except the sum of $10 paid to the plaintiff March 10, 1930; that there is justly due and owing to the plaintiff by the defendants the sum of $209.38 with interest from March 10, 1930. Though not expressly alleged, we think we should construe the complaint to mean that the judgment was entered in favor of the present plaintiff, against the present defendants, and that the payment was made by the defendants. (Civ. Prac. Act, § 275.)

There is submitted a summons dated March 9, 1936, indorsed: " Received at Madison County Sheriff's Office March 10, 1936. Timothy D. Thomas, Sheriff." The defendants appeared March 20, 1936. In the briefs it is stated that the summons was served on the defendant Albert O. Loucks March 10, 1936, and on the other defendant March 12, 1936.

Delivery of the summons to the sheriff was equivalent to the commencement of the action. (Civ. Prac. Act, § 17.) For the purposes of this motion, therefore, the action was commenced March 10, 1936. This was six years and two days after the entry of the Justice's Court judgment, and six years after the payment thereon, as alleged in the complaint and admitted by the answer.

An action upon a Justice's Court judgment must be commenced within six years after it is rendered . (Civ. Prac. Act, § 48, subd. 7.) This limitation is pleaded and is a complete defense unless the payment takes the " case out of the operation of " said section 48. (Civ. Prac. Act, § 59.)

The plaintiff argues that under the complaint he is entitled to recover upon the " note and account " therein referred to as the basis for the judgment. With this we cannot agree. " After a recovery of a judgment * * * the claim became merged in the judgment and could not any longer be used as evidence of indebtedness. The judgment, then, was the only indebtedness of (debtor) to (creditor) and the original claim could not form the basis of a counterclaim," or in the present case, the basis of an action. (*Ives* v. *Goddard*, 1 Hilt. 434; *City of Harper* v. *Daniels*, 211 Fed. 57, 61; *Brammell* v. *Wolf*, 173 Ill. App. 156, 157.)

We come then to the question — does a payment or acknowledgment in writing toll the Statute of Limitations on a *judgment* as well as upon an ordinary contract debt? (Civ. Prac. Act, § 59.) On this question we have been favored with no citation of authorities. On examination we find them to be in conflict. (21 A. L. R. 1059–1066; 17 R. C. L. § 254, p. 895; § 288, p. 925; 8 L. R. A. [N. S.] 444; 37 C. J. 1097.) However, New York State seems to be one of the jurisdictions holding that " the acknowledgment of liability on a judgment debt has the same effect to interrupt the Statute of Limitations as have the same acts in regard to other

contractual obligations." (21 A. L. R. 1061; *Carshore* v. *Huyck*, 6 Barb. 583, 587, 588; *Thompson* v. *Jenks*, 2 Abb. Pr. [N. S.] 229.)

In some of the States which hold that an acknowledgment or payment tolls the Statute of Limitations on a judgment, it is also held that a judgment is a contract. New York State holds that a judgment is not a contract. (*O'Brien* v. *Young*, 95 N. Y. 428; *Matter of Berman*, 244 App. Div. 95.) Nevertheless, the only New York authorities we have found hold that the statute is tolled, even as to a judgment, by an acknowledgment or payment. This holding in New York State is recognized in 1 Wood on Limitations (4th ed. 353) and 2 Black on Judgments (2d ed. § 985, p. 1444).,

The presumption of payment of certain judgments is conclusive " except as against a person who within twenty years * * * makes payment or acknowledges an indebtedness." (Civ. Prac. Act, § 44.) This section does not apply to a judgment of an inferior court, unless transcripted, but it indicates the view of this State as to the effect between the parties of a payment on a judgment.

On principle we think the holding in New York State is correct. The running of the Statute of Limitations upon a debt or claim is stopped by a written acknowledgment or part payment because that is considered to be an acknowledgment of the debt or claim. A contract obligation is a debt or claim; likewise a judgment. A payment upon one is as much an acknowledgment of the debt as a payment upon the other.

It follows that the summons herein having been delivered to the sheriff March 10, 1936, the action is timely brought.

The motion of the defendants for summary judgment is denied. The motion of the plaintiff for judgment on the pleadings is granted.

Submit order accordingly.