Truscon Steel Company of Canada, Ltd., Appellant, v. Peter Biegler, Appellee.

Gen. No. 41,013.

Opinion filed June 24, 1940.

MUSGRAVE, OPPENHEIM, PRICE & EWINS, of Chicago, for appellant.

CUMMINGS & WYMAN, of Chicago, for appellee; EDWIN O. SCHIEWE, of Chicago, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought an action on a judgment obtained by him against defendant in the Supreme Court, a court of general jurisdiction, of the Province of Ontario, in the city of Windsor, Canada, to recover $1,315.85 (being the amount of the judgment and costs), with interest at 5 per cent per annum from October 16, 1933. The 5-Year Statute of Limitations was interposed as a defense. The case was tried by the court without a jury on an agreed statement of fact. The court sustained the defense, entered judgment accordingly, and plaintiff appeals.

From the stipulation of facts it is agreed that judgment was entered October 16, 1933 for $1,315.85 in favor of plaintiff and against defendant by the Canadian court; that October 27, 1936, and again on August 11, 1938, defendant promised to pay the amount of the judgment but was not financially able to do so at the time. The suit was filed December 16, 1938, more than five years after the judgment was entered but less than

five years after the two promises of payment were made.

Sec. 15, ch. 83, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 107.275] provides: ''Actions on unwritten contracts, expressed or implied, or on awards of arbitration, or to recover damages for an injury done to property, real or personal, or to recover the possession of personal property or damages for the detention or conversion thereof, and all civil actions not otherwise provided for, shall be commenced within five years next after the cause of action accrued.''

An action based upon a judgment rendered in another State must be brought within five years. *Schemmel v. Cooksley,* 256 Ill. 412, and such action is a ''civil action'' within the meaning of sec. 15. *Bemis v. Stanley,* 93 Ill. 230. The *Bemis* case was an action of debt upon a judgment rendered in the State of Ohio instituted in the circuit court of Cook county more than 10 years after judgment was entered by the Ohio court. The court, after quoting sec. 15, which is still in full force and effect without change, said: ''An action brought in this State upon a judgment rendered in another State, is undoubtedly a civil action, within the intent and meaning of this section of the statute.'' And by the rule of comity, the same force and effect is given to judgments of foreign countries as is given to the judgments of sister States. *Baker v. Palmer,* 83 Ill. 568; *Roth v. Roth,* 104 Ill. 35. It is also the law that a promise of a debtor to his creditor that he will pay the debt takes the case out of the 5-Year Statute of Limitations. *Abdill v. Abdill,* 292 Ill. 231–234. The court there said: ''No formal set of words is necessary to constitute an acknowledgment of a debt and a promise to pay it. An absolute acknowledgment of the continuance of the debt and a promise to pay it is sufficient, and any language of the debtor to the creditor clearly admitting the debt and showing an intention to pay it will take the case out of the statute.'' But counsel for defendant

say, "The Statute of Limitations applying to foreign judgments is not tolled by an oral promise of payment," citing *Ludwig v. Huck,* 45 Ill. App. 651 and *Brammell v. Wolf,* 173 Ill. App. 156.

In the *Ludwig* case, suit was commenced before a justice of the peace in 1892 to recover the amount of two judgments rendered in 1880 in a justice's court. On appeal to the county court, plaintiff had judgment. The Statute of Limitations was interposed as a defense. Plaintiff sought to overcome the defense by proof of a parol promise to pay made in 1891. The Appellate Court reversed the judgment and held that where a judgment was barred by the Statute of Limitations it could not be revived by parol promise to pay by defendant. The court said it was immaterial whether the 5 or 10-Year Statute of Limitations applied because the suit was not brought until more than 12 years after the judgment was rendered, and continuing said: "Having been barred, the question arises, did the parol promise relied on create a new cause of action upon which appellee was entitled to maintain a suit and recover a judgment? The original indebtedness of appellants to appellee was merged in the two judgments sued on in this case; the original causes of action were discharged by these judgments and no contract or debt remained which could be made the subject-matter of a new promise to pay. *Richardson v. Aiken,* 84 Ill. 221; *Wayman v. Cochrane,* 35 Ill. 151; *Boynton v. Ball,* 105 Ill. 627; *Mount v. Scholes,* 120 Ill. 394." None of these four cases sustained the rule announced in the quotation just made.

In the *Richardson* case, plaintiff sued Aiken alleging an indebtedness to Richardson by a corporation of which Aiken was a stockholder. A statute involved in that case rendered stockholders liable for the debts of the corporation to the extent of the stock held by them. Defendant pleaded *nil debit.* There was a trial without a jury and a finding and judgment in plaintiff's favor

which was reversed on appeal. A number of counts were in the declaration. On the trial plaintiff proved items of account due him by the corporation and that the promissory note mentioned in the count on the note was given for such indebtedness. The evidence showed that a judgment had been rendered on the note and a transcript of the judgment was offered in evidence. This was objected to on the ground that there was no service of process in that case and therefore the court had no jurisdiction of the defendant corporation. The evidence of the judgment was excluded on that ground. This was held to be error and the judgment was reversed. The court said: ''The transcript was proper evidence, whether void or valid. If valid, it was proper to support the count upon the judgment. If void, it was competent, under the count upon the note, for the purpose of rebutting the inference that the note was merged in a judgment, and thus showing that the note was still a subsisting cause of action.''

In the *Wayman* case [35 Ill. 151], it was held that by a judgment or decree the contract or instrument upon which the proceeding is based was merged in the judgment and although the instrument bore interest at 10 per cent, the judgment but 6 per cent under the statute.

In the *Boynton* case [105 Ill. 627], an action of debt was brought upon a decree rendered in the circuit court several years prior to the commencement of the action. Defendant filed a plea of general issue. Afterward he was adjudged a bankrupt in the United States court and this was interposed as a defense but it was overruled and the judgment was affirmed by the Appellate Court and by the Supreme Court, the latter holding that a judgment obtained against one after he is adjudged a bankrupt creates a new debt which cannot be proved in bankruptcy. And in the *Mount* case, [120 Ill. 394] the declaration contained a special count on notes and also money counts. Defendant filed a plea of non-assumpsit and after the issue was joined nothing further

was done until about two years thereafter, when defendant filed a plea of former recovery to which a demurrer was sustained. The court held the plea bad, saying: "we think its failure to state the time when the judgment was obtained, rendered it substantially defective."

From what we have said of the four cases cited in the *Ludwig* case, we think it clear that nothing can be found in any of them to warrant the statement by the Appellate Court that after the two judgments were rendered, "no contract or debt remained which could be made the subject-matter of a new promise to pay." Certainly the amount of the two judgments was a debt remaining due and unpaid. A money judgment requires that defendant pay plaintiff the amount of the judgment and whether the judgment is a debt, or any other terminology is used to describe it, it means that the amount of it must be paid by defendant to relieve him of his obligation.

Webster's Dictionary defines "judgment" as "an obligation especially of a debt created by decision or decree of a court." It defines "debt" as "a debt of record," "a judgment." The Century Dictionary defines "debt" as a "debt which is evidenced by legal record"; and MacMillan's Modern Dictionary defines "judgment" as a "debt which a court of law finds to be due and orders to be paid."

It is well established by our Supreme Court that an oral promise to pay the amount due "on unwritten contracts express or implied" will lift the bar of sec. 15 of our Limitation act, above quoted. Such unwritten contracts are mentioned in sec. 15. In the same category that section also specifically mentions "all civil actions not otherwise provided for." If the oral promise to pay the amount claimed under an "unwritten" contract lifts the bar, for the same reason should the oral promise to pay a judgment which is a "civil action" as mentioned in the same section, lift the bar. Whether the

Appellate Court was right in stating that after the judgment there was no contract is not in our opinion of importance in passing on the question before us.

In the *Brammell* case [173 Ill. App. 156], suit was commenced May 9, 1910, on a judgment rendered by a justice of the peace January 13, 1900. Defendant interposed the Statute of Limitations in bar. The court there quoted from sec. 16, article 11, of the act of 1895 in relation to Justices and Constables (ch. 79, par. 134, p. 1950, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 71.130]), as follows: "An action may be brought upon a judgment of a justice of the peace at any time within ten years next after the rendition thereof and not afterwards." And continuing the court said: "More than ten years having elapsed after the original judgment was rendered, and before this suit was commenced, appellants were entitled to rely upon the bar provided for by the statute." But the court said that plaintiff relied upon a new promise to pay the debt by offering evidence tending to show that in 1900, 1901 and 1902, one of defendants had performed services for plaintiffs for which credit upon the judgment was given. The court then refers to the *Ludwig* case (which was decided before the enactment of sec. 16, above quoted), followed the Appellate Court and quoted from that case saying that after judgment was rendered "no contract or debt remained which could be made the subject-matter of a new promise to pay." And the judgment was reversed. The *Ludwig* case is the only authority cited in that case.

Counsel for defendant further say: "A judgment is not a contract and therefore an oral promise to pay a judgment will not toll the running of the Statute of Limitations since no contract or debt remains which can be made the consideration for such promise," citing *Belford v. Woodward,* 158 Ill. 122; *Ambler v. Whipple,* 139 Ill. 311; *Rae v. Hulbert,* 17 Ill. 572, and in support of this counsel say: "There is considerable conflict of authority among the various states on the proposition of law as to whether a judgment is or is not

a contract"; and that our Supreme Court in the *Rae* case [17 Ill. 572], says: "A judgment is no more a contract than a tort."

A consideration of these cases, we think, shows that the courts were construing particular statutes as to the meaning of the word "contract" as used in the several statutes. As we have heretofore stated, whether a judgment is a "contract" within the meaning of sec. 15 of our Statute of Limitations is not of importance for the reason that the instant case, which is a suit on a foreign judgment, is a *"civil action"* within the meaning of sec. 15 [*Bemis v. Stanley,* 93 Ill. 230], and therefore, like other civil actions, the 5-year bar of the Statute is lifted when a new promise to pay the judgment is made within five years before the suit is commenced. And in New York where the law is that a judgment is not a contract, yet it is held that a promise to pay the judgment tolls the Statute of Limitations. See also *Jennings v. Loucks,* 297 N.Y.S. 893; *Stevens v. Hewitt,* 30 Vermont, 262; *McCormick v. Brown,* 36 Cal. 180; *Darsey v. Mumpford,* 58 Ga. 119; *Spilde v. Johnson,* 132 Iowa 484.

The judgment of the municipal court of Chicago is reversed and the cause remanded with directions to enter judgment in plaintiff's favor for the amount of its claim.

*Reversed and remanded with directions.*

MATCHETT, P. J., and McSURELY, J., concur.