### GULL v. CONSTAM.

Civ. A. No. 3504.

United States District Court.
D. Colorado.

May 22, 1952.

108

Sargent and Doman, New York City, Ranger Rogers and Walter Scherer, Denver, Colo., for plaintiff.

Max D. Melville and Edward E. Pringle, Denver, Colo., and Wayne D. Williams, Denver, Colo., for defendant.

KNOUS, District Judge.

This is an action upon a Swiss judgment. In so far as is pertinent, the complaint alleges that the plaintiff was divorced from the defendant under a final judgment of the District Court of the Canton of Zurich, Third Division, Switzerland; that the divorce decree included a money judgment in favor of the plaintiff and against the defendant, and that this judgment has not been satisfied in full. Relief is prayed for in the amount of the balance due on the foreign judgment.

The defendant has interposed a motion to dismiss the complaint for failure to state a claim on which relief can be granted. Specifically, the defendant's motion attacks the validity of the complaint upon the basis that it does not allege reciprocity in so far as the enforcement of American judgments in the courts of Switzerland is concerned. In other words, the defendant contends that a complaint which has as its object the enforcement of a foreign judgment fails to state a claim for relief under the Federal Rules of Civil Procedure unless it recites that the country which rendered the particular foreign judgment would or does give full faith and credit to a properly rendered American judgment.

Generally, as a matter of comity, the judgments of foreign courts are given conclusive effect and full faith and credit when sued upon in American courts, provided they are not tinged with fraud and the courts from which they emanated had jurisdiction over the subject matter and over the parties. Coulborn v. Joseph, 195 Ga. 723, 25 S.E.2d 576, 148 A.L.R. 984; Johnston v. Compagnie Generale Transatlantique, 242 N.Y. 381, 152 N.E. 121, 46 A.L.R. 435; 164 East Seventy-Second Street Corporation v. Ismay, 65 Cal.App.2d 574, 151 P.2d 29; Compania Mexicana, etc. v. Spann, D.C., 41 F.Supp. 907, affirmed 5 Cir., 131 F.2d 609; Truscon Steel Co. of Canada, Ltd. v. Biegler, 306 Ill.App. 180, 28 N.E.2d 623; Coudenhove-Kalergi v. Dieterle, Sup., 36 N.Y.S.2d 313; See Annotations, 148 A.L.R. 992, et seq.

In 1895, however, the Supreme Court of the United States, in Hilton v. Guyot, 159 U.S. 113, 227, 16 S.Ct. 139, 168, 40 L.Ed. 95, limited this broad doctrine of comity to the judicial decrees of those countries which award like full force and effect to American judgments. The defendant's position rests entirely on the rule announced in this decision. However, for purposes of determining the present motion, it is unnecessary to decide whether or not in the final analysis the instant action is circumscribed by the rule of the Hilton case, supra. Even if it be assumed that it does govern the matter now before this court, the absence of allegations of Swiss reciprocity does not render the complaint fatal.

Hilton v. Guyot, supra, did not hold that the judgment of a foreign country, in which American judicial proceedings are reviewable on the merits when they are sought to be enforced there, is void or unenforceable in the courts of the United States. It merely held that such judgments are not conclusive; that they are not entitled to the same full faith and credit which is accorded in the courts of any state in the Union to the judgments and judicial proceedings originating in the

courts of sister states; but that they do constitute prima facie evidence of the matters which were purportedly adjudicated in the action in which they were rendered. Or, to use the words of the court:

"The reasonable, if not the necessary, conclusion appears to us to be that judgments rendered in France, or in any other foreign country, by the laws of which our own judgments are reviewable upon the merits, are not entitled to full credit and conclusive effect when sued upon in this country, but are *prima facie* evidence only of the justice of the plaintiffs' claim."

The holding of the case is set forth with more particularity in the syllabus at 159 U.S. 113, 16 S.Ct. 139, as follows:

"When an action is brought in a court of this country, by a citizen of a foreign country against one of our own citizens, to recover a sum of money adjudged by a court of that country to be due from the defendant to the plaintiff, and the foreign judgment appears to have been rendered by a competent court, having jurisdiction of the cause and of the parties, and upon due allegations and proofs, and opportunity to defend against them, and its proceedings are according to the course of a civilized jurisprudence, and are stated in a clear and formal record, the judgment is *prima facie* evidence, at least, of the truth of the matter adjudged; and the judgment is conclusive upon the merits tried in the foreign court, unless some special ground is shown for impeaching it, as by showing that it was affected by fraud or prejudice, or that by the principles of international law, and by the comity of our own country, it is not entitled to full credit and effect."

Thus, even if the Hilton rule is given full credence, the absence of reciprocity is a matter of defense, which the party who seeks to avoid the burden of the foreign judgment must plead. Rule 9, F.R.C.P., 28 U.S.C.A. Although the procedural question was not raised in that case, it should be noted that the *defendants* there pleaded lack of reciprocity and that the error of the trial court was announced to be its refusal to allow the *defendants* to support these allegations by proof.

In addition, it should be pointed out that Rule 9(e) F.R.C.P. provides:

"In pleading a judgment or decision of a domestic or foreign court, judicial or quasi-judicial tribunal, * * * it is sufficient to aver the judgment or decision without setting forth matter showing jurisdiction to render it."

While this rule does not control precisely the disposition of the instant controversy, it suggests by analogy that if it is unnecessary to aver the jurisdiction of the foreign court whose judgment is sued on in a court of the United States, then it is equally unnecessary to plead the status an American judgment might or might not enjoy were it attempted to be enforced in such foreign jurisdiction.

It is, therefore, ordered and adjudged that the motion of the defendant to dismiss the complaint be and the same is hereby denied.