## (September 30, 1974)

ABBY FINANCIAL CORP., Respondent, v. NICHOLAS ANGELIS, Appellant, et al., Defendants.— Appeal by defendant Nicholas Angelis from an order of the Supreme Court, Queens County, dated May 6, 1974, which denied his motion to (1) enjoin a Sheriff's sale of certain real property; (2) vacate an execution of said court, dated March 28, 1973; (3) direct that the judgment of said court, dated May 24, 1968 (upon which the execution was issued) be deemed satisfied; and (4) assess damages against plaintiff for malicious abuse of process. Order reversed, with $20 costs and disbursements; the execution is vacated; the sale is enjoined; and the remainder of the motion is remanded to Special Term for a hearing in accordance herewith. Plaintiff is the assignee of the seller who, by a conditional sales contract, sold certain air conditioners to the defendant Angelis Restaurant Corp. (hereafter " Restaurant "). Appellant, the principal of Restaurant, guaranteed payment of certain notes given the seller by Restaurant. Restaurant defaulted after payment of the first note and plaintiff obtained judgment for the amount then due. The execution issued for the sale of appellant's home must be vacated, as it falsely states that no part of the judgment has been paid (see CPLR 5240). It appears, however, that substantial payments were thereafter made by M. C. & K. Restaurant Corp., a new corporation formed by appellant. If appellant's contentions are true, a novation was effected by the substitution of new notes by M. C. & K. for the judgment, with the parties intending that the old notes be returned and the judgment discharged (see *Henderson* v. *Sheppard*, 231 App. Div. 610; *Kinsella* v. *Merchants Nat. Bank & Trust Co.*, 34 A D 2d 730) and the judgment would accordingly have to be vacated. If it should be determined that there was no novation, the amounts subsequently paid by M. C. & K. were in reduction of

the judgment. There is no merit to plaintiff's contention that such payments merely reduced the underlying indebtedness and not the judgment, as the indebtedness merged into the judgment (see *Williamsburgh Sav. Bank* v. *Bernstein,* 277 N. Y. 11, 15; *Parker* v. *Hoefer,* 2 N Y 2d 612, 617; *Jennings* v. *Loucks,* 163 Misc. 791). Further, the execution failed to credit appellant with either (a) the value of the air conditioners, if, as plaintiff asserts, they were repossessed (cf. *Fairfield Lease Corp.* v. *Marsi Dress Corp.,* 60 Misc 2d 363, and cases cited therein) or (b) payments made by Apollo Diner Corp., which apparently had purchased the air conditioners and agreed to assume all or a part of appellant's obligation or with whom there might have been a new novation. This court will not countenance tactics whereby a party seeks, in substance, to be twice paid for the same obligation. Hopkins, Acting P. J., Martuscello, Latham, Brennan and Benjamin, JJ., concur.